J. W. BASS, Plaintiff in Error, *vs.* WILLIAM H. RANDALL and TRUMAN M. SMITH, Defendants in Error.

⁓WRIT OF ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

This suit was brought by the Plaintiff in Error against the Defendants in Error, to recover the amount of their joint promissory note, payable to order of J. W. Bass for $400.

The Defendants in their answer admit the execution of the note, but deny that the same was their individual note, and allege that it was made by them as the agents and attorneys for Charles W. Borup, H. H. Sibley, (and some sixty others,) and that the Plaintiff well knew that they had made the same as agents of said parties, and had accepted and received the same with full knowledge thereof: that they (Defendants) had never received any consideration or value for said note, but that the consideration for which the same was executed was as follows : that one Alpheus G. Fuller had agreed to erect a first class Hotel on the North East corner of Jackson and Seventh streets in the city of Saint Paul, and in consideration thereof, the said Defendants' principals, (the said Borup and others,) had agreed to pay the said Fuller the sum of $10,000 ; and the said Plaintiff and one John Randall had also agreed to convey to said Fuller lands suitable and convenient upon which to erect said Hotel, and such quantity as might be desired and required therefor : that the said principals contracted to pay said sum, upon the faith and consideration of the promises of the said Plaintiff and said John Randall : that afterwards, upon demand, the said Plaintiff refused to convey his proportion of said land to said Fuller, except upon the consideration that the Defendants, as agents of the said principals, would execute the note mentioned in the Complaint : that thereupon they did, as such agents, execute said note and deliver the same to said Plaintiff, in consideration of which the said Plaintiff executed his warranty deed for said land required by said Fuller, and therein covenanted that he was seized of the same in fee simple, that he had good right to convey, &c., &c., but allege that the said Plaintiff was not then well seized thereof, and had no right to convey the same, and allege that for the foregoing reasons, the consideration for said note had wholly failed.

The Plaintiff demurred to this Answer, because it appears on the face of the Pleadings that the note therein set forth is one which binds the Defendants personally ; and the allegations of agency and of the Plaintiffs' knowledge thereof, constitute no legal defence to the action.

And because the answer admits a sufficient consideration for said note to enable the Plaintiff to maintain his action.

And because the alleged failure of consideration can only be taken advantage of by said Fuller.

The Demurrer was overruled, with leave to Reply. The Plaintiff waived the right to reply and judgment was entered against for costs of Demurrer.

Points and authorities of Plaintiff in Error:

*First.* Conceding that the Defendants acted as the agents of the principals named in the answer, and that the Plaintiff had knowledge of this fact, still the Defendants are personally bound, because their agency in no way appears in the instrument, and they signed their own names.

*Second.* The answer discloses a sufficient consideration for the note, to wit: a deed with covenants to A. G. Fuller.

*Third.* The alleged failure of title to the land is a matter solely between the Plaintiff and A. G. Fuller.

*Fourth.* The answer contains no sufficient allegation of failure of title. No facts are alleged showing *total* failure of title.

Points and authorities of Defendants in Error:

*First.* The only propositions raised by this demurrer are as to whether the Defendants are exempted from liability by the allegation that the note sued upon was made by them as agents, with the knowledge of the Plaintiff, and as to whether the alleged failure of consideration can be taken advantage of by the Defendants, who advanced the consideration. *Vide Rev. Stat.,* p. 336, *Sec.* 62; *N. Y. Code, Voorhies,* 3d *Ed., p.* 155, *Sec.* 145; *Van Santvoord Pl.,* 419; *Glenny vs. Hitchins,* 2 *Code Rep.,* 56; 9 *H. P. R.,* 98; *Grant vs. Lacher,* 2 *Code Rep.,* 2; *Hunter vs. Frisbie, ib.,* 59; *Punly vs. Carpenter,* 6 *H. P. R.,* 361; *White vs. Low,* 7 *Barb., S. C. R.,* 204, 206.

*Second.* There was no consideration for the note sued upon because it appears from the answer that the consideration was the performance by Bass of an act, viz: the conveyance of the land, which act the answer shows that Bass was legally obligated to perform. It was, therefore, *nudum factum and void. Chitty on Contracts,* 7 *Am. Ed., p.* 41; *ib., p.* 45, 46; *ib., p.* 52, *note m. and* 3.

*Third.* The answer shows a total failure in averring a covenant of seizin and a breach; but it is competent to show a partial or entire failure of consideration and set off *pro tanto* in this action. *Vide Rawle on Cov. for title*, 90—99; *Byles on Bills*, *p.* 181, 182; *Rev. Stat. p.* 338; *Bliss et al. vs. Nyas*, 8 *Mass*, 46—50; *Tallmadge vs. Wallus*, 25*th Wend.*, 107, adversely cited; *Laws of* 1853, *p.* 20, *Sec.* 6.

*Fourth.* No eviction was necessary, because the covenant is broken as soon as made. *Vide Rawle on Cov. for title*, 85, *and cases cited in note.*

*Fifth.* The breaches are sufficiently assigned, but conceding that they are not, the Plaintiff has specified no such ground of demurrer, and is, as we have seen by reference to the Statute under the first point, precluded from availing himself of such insufficiency. *Vide Rawle on Cov. for title*, *p.* 84, 85, *& c.*

*Sixth.* The Defendants may avoid themselves of this failure because they are privies. The rule is not the same it would have been were the action in the bond, because in that case the seal imports a consideration. But even in the latter case, late authorities allow the consideration to be inquired into. *Rev. Stat.*, *p.* 337, 338, *Secs.* 66, *and* 67; *Am'd'ts Rev. Stat.*, *p.* 8, *Sec.* 19; *Chitty on Contracts*, *p.* 52, 53, 54; *Chitty's Pl.*, 1, *pp.* 14, 15, 4 *Kent's Com.*, 471.

*Seventh.* There is no analogy between the state of these Defendants and that of a party suing upon the covenant in the conveyance—the defence here being a simple breach of the contract to do the *act* which was the consideration of the note in suit.

HALE & PALMER, Counsel for Plaintiff in Error.

BRISBIN & BIGELOW, Counsel for Defendants in Error.

[The judgment of the District Court was reversed, and the cause remitted to said Court, with directions to enter judgment upon said Demurrer in favor of said Plaintiff in Error, for the amount demanded in the complaint, with costs. No opinion on file.]